UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs

RIDWAN O KEKERE-EKUN

Case Number: 2:15-cr-58-FtM-38CM

USM Number: 61772-018

Douglas Molloy, Retained
1411 Bayview Ct
Ft Myers, FL 33901

## JUDGMENT IN A CRIMINAL CASE

The defendant pleaded guilty to Count One of the Superseding Indictment. Accordingly, the Court has adjudicated that the defendant is guilty of the following offense:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 1029(a)(2), 1029(b)(2) | Conspiracy to Commit Access Device Fraud | May 1, 2010 | One |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984, as modified by United States v. Booker, 543 US 220 (2005).

**IT IS ORDERED** that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Sentence:

September 14, 2015

_____
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

September 21, 2015

Ridwan O Kekere-Ekun
2:15-cr-58-FtM-38CM

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 12 months and 1 day.

**The Court makes the following recommendations as to incarceration:**

**Incarceration in a facility close to home (Fort Myers, Florida)**

**The Defendant shall surrender to the United States Marshal for this district on October 28, 2015 on or before 2:00 PM, unless otherwise designated by the Bureau of Prisons.**

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By: _____
Deputy U.S. Marshal

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 3 years.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The mandatory drug testing requirements of the Violent Crime Control Act are waived.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervision that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;

2. The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. The defendant shall support his or her dependents and meet other family responsibilities;

5. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. The defendant shall notify the probation officer **at least ten (10) days prior** to any change in residence or employment;

7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9. The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

**Ridwan O Kekere-Ekun**
**2:15-cr-58-FtM-38CM**

11. The defendant shall notify the probation officer within **seventy-two (72) hours** of being arrested or questioned by a law enforcement officer;

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

1. The defendant shall provide the probation officer access to any requested financial information.

2. The defendant shall cooperate in the collection of DNA, as directed by the Probation Officer.

3. The mandatory drug testing requirements of the Violent Crime Control Act are waived.

AO 245B (Rev. 4/09) Judgment in a Criminal Case

Ridwan O Kekere-Ekun
2:15-cr-58-FtM-38CM

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $100.00 | $0 | $83,788.18 |

The defendant shall make restitution (including community restitution) to the following payees in the amount listed below. Restitution is payable to the Clerk, U.S. District Court for distribution to the victims.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(I), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | Total Amount of Loss | Amount of Restitution Ordered |
|---|---|---|
| BB&T, Corporate Investigations<br>2825 Reynolds Rd<br>Winston Salem, NC 27106<br>(Details of Restitution filed under separate document) | | $7,697.47 |
| Citi<br>CitiGroup Investigation Service<br>Fraud Investigation<br>ATTN: Victoria Yeager<br>14700 Citigroup Drive<br>Building 2, 1st Floor MC5205<br>Hagerstown, MD 21742<br>(Details of Restitution filed under separate document) | | $7,781.45 |
| Synchrony (was GE Money)<br>P.O. Box 105969<br>Atlanta, GA 30353-5959<br>(Details of Restitution filed under separate document) | | $509.95 |
| Discover<br>Restitution<br>P.O. Box 6106<br>Carol Stream, IL 60197<br>(Details of Restitution filed under separate document) | | $36,634.65 |
| Wachovia (now Wells Fargo Bank)<br>(Details of Restitution filed under separate document) | | $454.95 |

AO 245B (Rev. 4/09) Judgment in a Criminal Case

Ridwan O Kekere-Ekun
2:15-cr-58-FtM-38CM

| | |
|---|---:|
| American Express<br>Peter J. Boresky, CFCI, MGR<br>American Express Global Security<br>Mid Atlantic Region<br>P.O. Box 807<br>Northfield, NJ 08225 | $2,811.66 |
| Virginia Credit Union<br>Attn: Melissa Edwards<br>P.O. Box 90010<br>Richmond, VA 23225 | $6,828.81 |
| Travelers Casualty and Surety<br>Company of America (Was First<br>Financial Federal Credit Union )<br>Recovery Management Unit<br>One Tower Square – Mail Drop<br>S102A<br>Hartford, CT 06183 | $1,034.80 |
| US Bank<br>Restitution and Recovery<br>PO Box 650<br>Milwaukee, WI 53278 | $509.95 |
| Barclaycard Bank<br>P.O. Box 8827<br>Wilmington, DE 19899 | $4,208.03 |
| Justice Federal Credit Union<br>Attn: Risk Management<br>Ref: TR 2009<br>5175 Parkstone Drive South 200<br>Chantilly, VA 20151 | $243.23 |
| Chase Bank<br>Chase Card Services<br>Attn: Restitution Payments<br>PO Box 2003<br>Elgin, IL 60121-2003 | $2,055.22 |
| Twin River National Bank<br>ATTN: Amy Brixen<br>1507 G Street<br>Lewiston, ID 83501 | $2,920.40 |
| Bancorp South Bank<br>Attn: Corporate Security<br>PO Box 789<br>Tupelo, MS 38802 | $5,062.77 |
| Healthcare System Federal Credit<br>Union<br>Administrative Office<br>8300 Arlington Blvd., Suite E-1<br>Fairfax, VA 22031 | $1,073.44 |

AO 245B (Rev. 4/09) Judgment in a Criminal Case

Ridwan O Kekere-Ekun
2:15-cr-58-FtM-38CM

| | |
|---|---:|
| State Employees Credit Union of Maryland (SECU)<br>Attn: Security and Loss Prevention<br>971 Corporate Blvd.<br>Linthicum Hts., MD 21090 | $1,039.80 |
| First Mariner Bank<br>Joseph Knox<br>VP Operations Dept.<br>PO Box 25959<br>Baltimore, MD 21224 | $1,529.85 |
| Capital One<br>15030 Capital One Drive<br>Richmond, VA 23228<br>Attn: Joan McMichael | $709.95 |
| First Community Bank of Eastern Tennesse<br>Attention: Evelyn Anderson<br>PO Box 820<br>Rogersville, TN 37857 | $681.80 |

**\*\* DETAILS OF RESTITUTION FILED UNDER SEAL UNDER SEPARATE DOCUMENT**

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

Special Assessment in the amount of **$100.00** is due in full and immediately.

While in the custody of the Bureau of Prisons, you shall either (1) pay at least $25 quarterly if working non-Unicor or (2) pay at least 50 percent of your monthly earnings if working in a Unicor position. Upon release from custody, you are ordered to begin making payments of 10% of monthly income and this payment schedule shall continue until such time as the Court is notified by the defendant, the victim or the government that there has been a material change in your ability to pay.

The defendant is hereby ordered to begin payment immediately and continue to make payments to the best of his ability until this obligation is satisfied. While in custody, you are directed to participate in the Bureau of Prisons Financial Responsibility Program, if eligible, and upon release from custody, the defendant shall adhere to a payment schedule, as determined by the Probation Office.

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

### Joint and Several

Restitution shall be paid jointly and severally with co-defendants, Rasheed Adedokun, Adetokunbo Babatunde, Charles Adegbesan, Andrew Anamanya, Keith Tolbert, charged in the United States District Court for the District of Maryland, Case Number: 8:14-cr-142-JFM.

AO 245B (Rev. 4/09) Judgment in a Criminal Case

**Ridwan O Kekere-Ekun**
**2:15-cr-58-FtM-38CM**

    Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.

## FORFEITURE

    Defendant shall forfeit to the United States those assets that are subject to forfeiture, including monies in the amount of $82,449.83.

    The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the Schedule of Payments may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245B (Rev. 4/09) Judgment in a Criminal Case