UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                                                                  CASE NO: 2:15-cr-58-FtM-38CM

RIDWAN O KEKERE-EKUN
_____/

**ORDER[1]**

This matter comes before the Court on Defendant Ridwan O. Kekere-Ekun's Motion for Reconsideration of Sentence, or, in the alternative, Motion to Delay Execution of Sentence (Doc. #25) filed on September 23, 2015.  The Government filed a Response on October 15, 2015 (Doc. #29).  The matter is ripe for review.

On October 1, 2014, a federal grand jury in the District of Maryland indicted Defendant and five other individuals with credit card fraud related charges.  Defendant's exact charge was Conspiracy to Commit Access Device Fraud, in violation of 18 U.S.C. § 1029(a)(2).  Roughly six months later, the case was transferred to this District, where Defendant eventually pled guilty. The sentence guideline range for this conviction was 18-24 months incarceration, but the Court varied downward and sentenced Defendant to one year and one day incarceration.  Defendant now asks the Court to reconsider the sentence.

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Defendant principally asks the Court to reconsider the sentence because a similarly-situated and similarly-culpable co-defendant, Charles Adegbesam, received a sentence of six months house arrest from the United States District Court for the District of Maryland.  This argument is unpersuasive.  As the Government notes, "Defendant's argument presupposes that the sentence received by co-defendant Charles Adegbesam . . . was a reasonable sentence and should therefore be sued as the benchmark for other similarly situated defendants."  (Doc. #29 at 3).  The Court agrees and finds a sentence of six months house arrest is not sufficient for this crime.  When the facts of this case – 50 victims who collectively lost more than $100,000 through a scam that was carried out for over a year – are applied to the 18 U.S.C. § 3553(a) factors, it is clear the Court's sentence was appropriate.  In fact, the sentence included substantial leniency from the recommended guidelines.  Whether the United States District Court for the District of Maryland decided to issue a sentence far outside the 18-24 guideline range does not alter this conclusion.  This argument is therefore denied.

The remainder of Defendant's arguments are equally unpersuasive.  The majority of those arguments contend various § 3553(a) factors warrant a reduced sentence.  When sentencing the Defendant, the Court carefully considered each of the cited § 3553(a) factors and incorporated those considerations into its sentence.  This is exhibited by the fact that the Court varied downward and sentenced Defendant to nearly six months below the lowest guideline incarceration period.  Defendant's final argument points the Court's attention to the fact that the November 1, 2015 Amendments to the Sentencing Guidelines, §2B1.1, would have reduced Defendant's sentence by two levels.  As these

Amendments were not yet effective when Defendant was sentenced, the Court declines incorporate those reductions into Defendant's sentence at this time.

Based on the foregoing, Defendant's Motion for Reconsideration of Sentence is denied.

If the Court denied the Motion for Reconsideration (which it has), Defendant asks the Court for alternative relief in the form of a Motion to Delay Execution of the Sentence. Defendant contends that his testimony may be necessary to assist in the upcoming prosecution of two of his co-defendants, set for trial on November 16, 2015. The Government responds that it does not oppose the request, as it has verified this information with an Assistant United States Attorney for the District of Maryland. Because the parties have agreed on this issue, the Court will delay the execution of Defendant's sentence by ninety (90) days. Should Defendant need additional time, he may file a second motion illustrating good cause for the extension.

Accordingly, it is now **ORDERED:**

1. Defendant Ridwan O. Kekere-Ekun's Motion for Reconsideration of Sentence is **DENIED.**

2. Defendant Ridwan O. Kekere-Ekun's Motion to Delay Execution of Sentence is **GRANTED**. The execution of Defendant's sentence shall be delayed by ninety (90) days from the date of this Order.

**DONE AND ORDERED** at Fort Myers, Florida, this October 23, 2015.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  Counsel of Record